UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN FAY and JANICE FAY,

        Plaintiffs,

  vs.

AKRAM NAMOU, d/b/a NAMOU
HOTEL GROUP, et al.,

        Defendants.
_____/

Case No. 19-CV-10902

HON. GEORGE CARAM STEEH

ORDER GRANTING PLAINTIFFS' MOTION PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 56(d) [ECF No. 40]
AND DENYING DEFENDANT NAMOU'S MOTION FOR
SUMMARY JUDGMENT WITHOUT PREJUDICE [ECF No. 32]

Plaintiffs John and Janice Fay filed this negligence action, alleging that they suffered carbon monoxide poisoning from an uncontrollable fire in the hotel's HVAC system while staying at the Hawthorne Suites hotel located at 30180 North Civic Boulevard, Warren, Michigan (the "Subject Hotel"). The matter is before the court on the motion for summary judgment filed by defendant Akram Namou, d/b/a Namou Hotel Group ("NHG"). Namou argues that he is entitled to summary judgment because plaintiffs have not produced any evidence that he or NHG actively

participated in the alleged tortious acts alleged in the complaint that would subject him to liability.

Plaintiffs filed their complaint in this court on March 27, 2019. The parties appeared for a scheduling conference on September 23, 2019 and a scheduling order was entered on that date. Thereafter, Atain Insurance Company ("Atain") filed a declaratory action in Michigan state court seeking a determination that Atain has no duty to provide insurance coverage for Warren under the terms of an insurance policy. The parties agreed to extend all dates in the scheduling order by six months (ECF No. 27). On April 9, 2020, the court entered a stipulated scheduling order setting discovery cutoff on May 3, 2021 and a dispositive motion deadline of July 1, 2021. The order also stayed discovery until July 7, 2020 due to the challenges and disruptions caused by the COVID-19 pandemic (ECF No. 30).

On July 10, 2020, three days after the stay on discovery ended, defendant Namou filed the pending motion for summary judgment. In an affidavit attached to his motion for summary judgment, Namou states that he is the President and a 50% shareholder of defendant Warren Hospitality Suites, Inc. ("Warren"). (Namou Aff. ¶¶ 2, 3; ECF No. 32-1, PageID.233). Namou avers that Warren has owned, managed and operated the Subject

Hotel since 2007. *Id*. at ¶ 5. With regard to NHG, Namou states that NHG is a Michigan for-profit corporation, incorporated on September 15, 2015, of which he is the President and a 50% shareholder. *Id*. at ¶ 6 (Articles of Incorporation, Exhibit 2). He states that NHG does not own, operate, manage or have any involvement with the Subject Hotel. Id. at ¶ 9. Namou asserts that neither he nor NGH actively participated in the alleged tortious conduct that gave rise to plaintiff's lawsuit, and therefore he should be dismissed as a defendant from this case.

With the permission of the Court, plaintiffs responded to Namou's motion by filing a motion under Fed. R. Civ. P. 56(d), requesting additional discovery prior to the court's consideration of Namou's motion. "A party invoking the protections of Rule 56(d) must do so in good faith by affirmatively demonstrating how postponement of a ruling on the motion will enable him to rebut the movant's showing of the absence of a genuine issue of fact." *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019). A motion under Rule 56(d) must be supported by an affidavit or declaration setting forth the specific reasons that it cannot present facts essential to justify its opposition to the motion. *Comerica Bank v. Esshaki*, No. 17-cv-11016, 2017 WL 3913102, at *4 (E.D. Mich. Sept. 7, 2017) ("a court need not delay adjudication of a summary judgment motion to afford the parties

additional time for discovery, where the non-moving party fails to submit an affidavit, as required by Rule 56(d) . . . which sets forth 'a description of the information needed and an affirmative demonstration of how the requested discovery will permit the non-moving party to rebut the grounds alleged for summary judgment'") (quoting *Cunningham v. Osram Sylvania, Inc.*, 221 Fed.Appx. 420, 423 (6th Cir. 2007)).

The plaintiffs allege in their Complaint that on July 25, 2016, they were guests at the Subject Hotel and were exposed to "a toxic level of carbon monoxide while sleeping in the hotel room." Complaint, at ¶¶ 22-23. Plaintiffs further allege that "a cause of the carbon monoxide poisoning in the Subject Hotel Room was an uncontrollable fire in the Subject HVAC System." *Id.*, at ¶ 23. Plaintiffs make the following allegations in the complaint as it relates to Namou: (1) Mr. Namou personally undertook the management of the Subject Hotel and, therefore, is personally liable for all acts and omissions of any employees, agents and apparent agents done at the Subject Hotel (*Id.*, at ¶ 4); and (2) Mr. Namou used NHG, an unincorporated business, as a d/b/a in connection with managing the Subject Hotel (*Id.*). In their Rule 56(d) motion, plaintiffs assert that a lack of discovery about who made the decisions concerning capital improvements, purchasing carbon monoxide alarms, paying bills, hiring, training and

supervising maintenance personnel at the Subject Hotel, prevents them from adequately defending Namou's motion for summary judgment.

Plaintiffs' counsel, Joseph Gorman, attaches his affidavit to the Rule 56(d) motion. In the affidavit, Mr. Gorman recites information uncovered in his investigation and early discovery. This includes the fact that Mr. Namou is President and a 50% owner of Warren; that Dean Jamoua was the manager of Warren at the time of the incident and he reported to Warren co-owner Maher Abdulnoor (Jamoua dep., pp. 19, 36-37); that the chief mechanical inspector for the City of Warren, Kurt Davis, conducted a post-fire inspection with an owner of Warren; and that NHG failed to comply with Michigan's filing requirements to maintain its status as a corporation in 2017, 2018 and 2019 (Gorman Affidavit, ¶ 3). Gorman avers that the foregoing information suggests that Warren's owners are actively involved in the supervising, inspecting and maintaining the Subject Hotel, including the heating and HVAC systems (Gorman Affidavit, ¶ 4).

Attorney Gorman sets forth the discovery he seeks in order to respond to Namou's motion for summary judgment. This includes:

- Taking the depositions of Mr. Namou and Warren's other co-owner, Mr. Maher Abdulnoor, concerning their level of involvement, or their knowledge of who is involved, in the

decision making, operating and maintaining of the Subject Hotel.  This discover is relevant to a material issue in the case regarding potential liability of Mr. Namou.

- Conducting Rule 30(b)(6) depositions of Warren's and NHG's corporate representatives.

- Deposing Heather Kanona, the regional manager for Warren.

- Deposing Laith Sawa of Sawas Mechanical regarding his inspection and testing of HVAC equipment at the Subject Hotel following the incident.

- Serving discovery requests seeking identification of all individuals involved in daily maintenance and decision-making concerning capital improvements at the Subject Hotel, as well as information about the corporate structure and finances of NHG and Warren.  Deposing identified individuals concerning these matters.

The witnesses sought to be deposed by plaintiffs are likely to have relevant insight on the issue of whether Namou was involved in the management, maintenance and repairs at the Subject Hotel, such that he would have potential liability for the alleged tortious conduct giving rise to plaintiffs' lawsuit.  Furthermore, given the contradiction between Namou's

statement in his affidavit that NHG is a corporation and plaintiffs' early discovery indicating that NHG did not timely file multiple annual reports, discovery is relevant to plaintiffs' theory that Namou may be improperly attempting to use NHG to shield himself from personal liability.

Though Gorman's affidavit might not be the most artfully drawn, it meets the minimum requirement of 56(d) by describing the materials he hopes to obtain with further discovery and explaining how he expects those materials to help in opposing summary judgment. *See Everson v. Leis,* 556 F.3d 484, 493 (6th Cir. 2009); *Cunningham*, 221 Fed.Appx. at 423. Where a motion for summary judgment is filed "early in the litigation, before a party has had any realistic opportunity to pursue discovery relating to its theory of the case," a district court should "fairly freely" grant the relief authorized under Rule 56(d). *Tossa v. Tardif*, No. 14-12319, 2015 WL 5679871, at *13 (E.D. Mich. Sept. 28, 2015) (citing *Burlington Northern Santa Fe Railroad Co. v. Assiniboine & Sioux Tribes of Fort Peck Reservation,* 323 F.3d 767, 773 (9th Cir. 2003)).

For the reasons stated above,

IT IS HEREBY ORDERED that defendant Namou's motion for summary judgment [ECF NO. 32] is DENIED without prejudice.

IT IS HEREBY FURTHER ORDERED that plaintiffs' Rule 56(d) motion [ECF NO. 40] is GRANTED.

It is so ordered.

Dated:  November 18, 2020

                                      s/George Caram Steeh
                                      GEORGE CARAM STEEH
                                      UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 18, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk