UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN FAY and JANICE FAY,

        Plaintiffs,

vs.

AKRAM NAMOU, d/b/a NAMOU
HOTEL GROUP, et al.,

        Defendants.
_____/

Case No. 19-CV-10902

HON. GEORGE CARAM STEEH

OPINION AND ORDER DENYING ATAIN INSURANCE
COMPANY'S MOTION TO INTERVENE [ECF No. 39]

    In this personal injury action, plaintiffs John and Janice Fay allege that while they were guests at the Hawthorne Suites hotel in Warren, Michigan ("Subject Hotel"), they suffered carbon monoxide poisoning due to an uncontrollable fire in the hotel's HVAC system.  Atain Insurance Company ("Atain") issued an insurance policy ("Policy") to defendant Warren Hospitality Suites ("Warren"), the owner of the Subject Hotel.  Atain is providing a defense for Warren in this litigation under a reservation of rights.  After this litigation was filed, Atain filed a declaratory judgment action in Oakland County Circuit Court, asking the court to rule that the Policy does not provide coverage for plaintiff's action.  National Surety Corporation issued an umbrella insurance policy to Warren and intervened

- 1 -

in the declaratory judgment action, filing a third-party complaint seeking a determination as to its rights and obligations under the umbrella policy. Warren moved to stay the state court action and the state court granted a stay through resolution of this federal action.

Atain filed a motion to intervene in this case for the purpose of participating in discovery and submitting a verdict form or special interrogatories to the jury (Intervenor Petition, ECF No. 43-4, PageID.673). National Surety Corporation joined in Atain's motion to intervene [ECF No. 42]. The case is presently before the court on Atain's motion to intervene.

## STATEMENT OF FACTS

In July 2016, while plaintiffs were guests at the Subject Hotel, they were allegedly overcome by a discharge of carbon monoxide into their hotel room. In October 2017, plaintiffs submitted a claim to Warren, as owner of the Subject Hotel. Warren forwarded the claim to Atain, its commercial general liability insurer.

Atain investigated the claim and informed Warren that the Policy would not provide coverage for plaintiffs' claims because it excludes coverage caused by pollutants pursuant to the "Total Pollution Exclusion with Hostile Fire Exception." Atain acknowledges that injury arising out of "heat, smoke, or fumes from a hostile fire" is an exception to the pollution

exclusion but contends that their claim investigation did not reveal any evidence of a "hostile fire."

On March 27, 2019, plaintiffs filed this personal injury action, alleging that they were injured when they were exposed to a toxic level of carbon monoxide while sleeping at the Subject Hotel. Plaintiffs allege that Warren is liable for failing to properly maintain, inspect, and repair the HVAC system, and for failing to ensure that the Subject Hotel had adequate ventilation and working carbon monoxide detectors. In addition, the complaint alleges that a cause of the carbon monoxide poisoning was an "uncontrollable fire" inside the HVAC system. (Complaint, ¶ 23). It is on the basis of this allegation that Atain agreed to provide a defense to Warren under a reservation of rights.

On January 6, 2020, Atain filed its state court declaratory judgment action, seeking a ruling on its rights and obligations under the Policy. The coverage issue is whether the pollution exclusion in the Policy applies and bars coverage for plaintiffs' claims. Atain's position is that carbon monoxide is a "pollutant," as defined by the Policy, and the pollution exclusion precludes coverage. Atain named both Warren and the Fays as defendants in the state court action.

On August 7, 2020, Warren moved to stay the state court action until a final order is issued in this federal action. Warren's argument for a stay was that the federal action involves the central issue of fact in the state action, the cause of the carbon monoxide discharge, and that taking discovery in both actions will be duplicative:

> [A] decision in the Federal Lawsuit as to the cause of the alleged carbon monoxide poisoning is certainly relevant to and will impact Atain's . . . coverage claims in [the state] lawsuit . . . .[T]he exact same disputed issues of fact . . . are already being litigated in the Federal Lawsuit, including the cause of the Fays' alleged injuries. Thus, the parties will have to try the Fays' claims twice: once in the Federal Lawsuit, and once here. This will needlessly double the cost of litigation for the parties and result in endless redundancies, including duplicative discovery.

Plaintiffs concurred in Warren's motion to stay. On August 21, 2020, the state court issued an order granting Warren's motion to stay Atain's declaratory judgment action pending final adjudication of the federal court case "[t]o prevent any inequity in this matter and in the interest of judicial economy." Atain filed a motion for reconsideration which was denied by the state court on October 8, 2020.

## LEGAL STANDARD

Intervention in governed by Rule 24 of the Federal Rules of Civil Procedure, which provides the circumstances when a non-party may intervene in an action as a matter of right or with the court's permission.

The Rule is to be "broadly construed in favor of potential intervenors," though a failure to meet any of the Rule's criteria requires that a motion to intervene be denied. *Stupak-Thrall v. Glickman*, 226 F.3d 467, 471-72 (6th Cir. 2000) (citations omitted).

## ANALYSIS

I. <u>Timeliness</u>

The timeliness of a motion to intervene is a threshold requirement and the Court is to take all relevant circumstances into consideration, including:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Kirsch*, 733 F. App'x at 274-75 (citation omitted).

    A.    <u>Point to Which the Suit Has Progressed</u>

While this action has been pending for well over a year, it has not made significant progress prior to Atain filing its motion to intervene. Discovery was stayed in this case, by agreement of the parties, while the coverage issues were pending in state court. The discovery deadline is

May 3, 2021 and trial is scheduled for October 19, 2021.  The state of the progress of the proceedings weighs in favor of timeliness.

      B.     Purpose of Intervention

District courts evaluate the purpose of intervention in terms of the "importance of the legal interests asserted." *Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 491 (6th Cir. 2014) (citation omitted).  Here, Atain acknowledges that its rights and obligations under the Policy are not being litigated in this personal injury action.  Atain also states that it is not seeking to intervene in order to assert a claim or defense in the underlying litigation.  Rather, Atain's purpose of intervening is limited to participating in discovery and to ensuring that the jury is required to decide certain issues of fact that will permit the state court to rule on the coverage issues presented in the declaratory judgment action.

However, Atain chose to bring a declaratory judgment action to determine its rights and obligations under the Policy and is only seeking to intervene because of the stay entered by the state court.  The state court action will resume, if necessary, following the conclusion of the underlying case.  Atain's legal interests in this case are the same as its legal interests in the declaratory judgment action.  Since Atain chose the initial forum to

litigate its legal interests, and that forum remains available, the purpose of intervention weighs against a finding of timeliness.

    C.    <u>Length of Time Preceding Intervention During Which Proposed Intervener Knew of Interest in Case</u>

Atain focuses on the fact that it filed its motion to intervene promptly after the state court issued its stay of the declaratory judgment action. However, the relevant question is when the proposed intervenor knew or should have known of its interest in the case. Here, Atain had knowledge of plaintiffs' personal injury claims and the coverage issues under the Policy since October 2017, when Warren tendered its claim. Furthermore, when plaintiffs filed their lawsuit in March 2019, Atain did not seek a judicial determination as to its rights and obligations under the Policy until January 2020. Even then, rather than seeking to intervene in this case to protect its interests, Atain chose to file a declaratory judgment action in state court. Therefore, Atain was fully aware that the common issues of fact would be litigated in two different forums, possibly with two different outcomes. Only when its legal strategy took an unexpected turn did Atain seek to intervene in this case.

Ultimately, it is clear that Atain had knowledge of its interest in this case, such as it may be, since before plaintiffs filed their lawsuit. This factor weighs against a finding of timeliness. *See Johnson v. City of*

*Memphis*, 73 Fed.Appx. 123, 133; 2003 WL 21801451, at *8 (6th Cir. Aug. 4, 2003) (holding that "the seven months preceding the proposed intervenors' motion to intervene during which they knew or should have known of their interests render[ed] the[] motion untimely"); *see also Blount-Hill v. Zelman*, 636 F.3d 278, 286 (6th Cir. 2011) (having "waited to intervene until five months after the filing of the amended pleading," and likely "several years" after having "actual or constructive notice of their interest in th[e] litigation" through a related entity, the Court determined that this "weigh[ed] heavily against the timeliness of the[] application to intervene").

    D.    <u>Prejudice to Original Parties Due to Proposed Intervenor's Delay</u>

The prejudice relevant to the timeliness determination is the incremental prejudice from a proposed intervenor's delay in intervening, not prejudice from the intervention in and of itself. *Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 493 (6th Cir. 2014). In this case there is sufficient time remaining for discovery such that Warren will not be prejudiced in that regard due to Atain's delay in seeking intervention. This factor weighs in favor of a finding of timeliness.

> E. Existence of Unusual Circumstances Militating Against or in Favor of Intervention

Atain argues, without citing any authority, that because the state court judge stayed its declaratory judgment action, this court should permit it to intervene in the pending negligence case for purposes of participating in discovery and to submit proposed jury interrogatories. Simply put, the state court's stay order did not cause Atain to have an interest in this lawsuit that did not exist before. The state court's issuance of its stay order does not provide the unusual circumstances that weigh in favor of intervention.

After considering the context of all relevant circumstances, the court finds that Atain's motion to intervene should be denied on the basis of timeliness. However, even if the motion is considered to be timely, other factors favor denying intervention in this case.

II. Intervention as of Right

To intervene as a matter of right in a lawsuit under Rule 24(a)(2), a proposed party must establish that: "(1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect that interest may be impaired in the absence of intervention; and (4) the parties already before the court may not adequately represent the proposed

- 9 -

intervenor's interest." *Kirsch v. Dean*, 733 F. App'x 268, 274 (6th Cir. 2018) (citing *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005)).

The proposed intervener must have a direct interest in the subject matter of the litigation to intervene as of right. *Travelers Indem. Co. v. Dingwell*, 884 F.2d 629, 638 (1st Cir.1989). Atain's interest in the subject matter of the personal injury action is in establishing that the claims against Warren are not covered by the Policy. This interest is not related to the subject matter of the litigation between the Fays and Warren over the cause of plaintiffs' alleged injuries. The lack of a direct interest in the subject matter of the litigation is fatal to Atain's motion to intervene under Rule 24(a)(2).

III.  Permissive Intervention

Permissive joinder is governed by Rule 24(b) which requires the proposed intervenor to establish that the motion for intervention is timely and alleges at least one common question of law or fact. *Michigan*, 424 F.3d at 445 (citation omitted). "Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id*.

Here, Atain's coverage action shares common issues of fact with the Fays' personal injury action. These common issues of fact relate to the cause of the alleged carbon monoxide discharge that injured plaintiffs. Nevertheless, consideration of other relevant factors leads the court to conclude that permissive intervention is not proper.

Principally, the court finds that judicial economy is not served by permitting Atain to intervene. Atain describes its proposed intervention in this case as being for the limited purpose of ensuring that the jury's verdict includes the findings of fact necessary to permit the state court to rule on the coverage issues presented in the declaratory judgment action (Intervenor Petition, ECF No. 43-4, PageID.673). To achieve this purpose, Atain seeks to participate in discovery of the parties, their expert witnesses and lay witnesses, and to prepare special interrogatories to be submitted to the jury. *Id*.

The state court issued its stay order after concluding that judicial economy would be served by waiting for the cause of the carbon monoxide poisoning to be litigated in the underlying action. Expanding discovery in this case so that Atain may participate does not provide any significant efficiency. First, where Atain is not an actual and full litigant in the personal injury action, the jury's findings of fact will not have a preclusive

- 11 -

effect on Atain.  Second, the jury can make the requested findings of fact without Atain's participation in discovery.  Adding an additional party for purposes of discovery will likely add time and expense to the discovery process.  The court notes that, should the parties to this lawsuit make the request, it routinely permits special verdict forms for purposes of determining the cause of any damages awarded.

For the foregoing reasons, this court finds that judicial economy is not served by permitting Atain to intervene in this case as requested.  The court declines to exercise its discretion under Rule 24(b) to permit Atain to intervene in this action.

## CONCLUSION

For the reasons stated in this opinion and order,

IT IS HEREBY ORDERED that Atain Insurance Company's motion to intervene [ECF No. 39] is DENIED.

IT IS HEREBY FURTHER ORDERED that National Surety Corporation's joinder in Atain's motion to intervene [ECF No. 42] is also DENIED.

Dated:  December 1, 2020

                                               s/George Caram Steeh
                                               GEORGE CARAM STEEH
                                               UNITED STATES DISTRICT JUDGE