UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANICE FAY,

Plaintiff,

v.

WARREN HOSPITALITY SUITES, INC.,

Defendant.

_____________________________ /

Case No. 19-10902

F. Kay Behm
U.S. District Judge

**ORDER RESOLVING SHOW CAUSE ORDER AND IMPOSING MONETARY SANCTIONS**

This order is issued related to Plaintiff's briefings on various motions in limine in this matter. As previously indicated, the court identified a series of citations in Plaintiffs' briefings – both in their own motions and their responsive briefings – that appeared to be fabricated. For example, the briefs include case citations with quotations that do not appear to exist and explanatory parentheticals that do not appear to reflect the case cited or are otherwise cited for propositions that the case does not appear to stand for. The court identified likely instances of this in at least eight of Plaintiff's briefings.

Plaintiffs' counsel was therefore ordered to show cause, in writing, why they should not be sanctioned pursuant to Rule 11(b)(2) & (c) of the

Federal Rules of Civil Procedure, or the inherent power of the court, for attributing apparently fictitious quotations to court decisions and misrepresenting the holdings of various cases, possibly in reliance on AI-generated content. *See, e.g., Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443 (S.D.N.Y. June 22, 2023). Among other particular requirements, Plaintiff's counsel was ordered to cite-check their own submissions and provide a complete list of all case citations in all of their motions and briefs submitted regarding motions in limine in this case, and for each case citation, provide a short explanation of how the case cited supports the quote/proposition it is cited for, or an admission that it did not. ECF No. 224. The court also asked Defendants' counsel to file a bill of costs identifying any fees or costs incurred in relation to this issue, including investigating the above-mentioned citations, and responding to those citations. Both parties responded as ordered (ECF Nos. 230, 231), and this order follows.

"At this point, it 'is no secret that generative AI programs are known to hallucinate nonexistent cases, and with the advent of AI, courts have seen a rash of cases in which both counsel and *pro se* litigants have cited such fake, hallucinated cases in their briefs.' Attorneys who rely on artificial intelligence (AI) to supplement

their research do so in light of the well-known risks inherent in using those tools." *Seither & Cherry Quad Cities, Inc. v. Oakland Automation, LLC*, No. 23-11310, 2025 LX 205874, at *3 (E.D. Mich. July 28, 2025) (cleaned up) (quoting *Sanders v. United States*, 176 Fed. Cl. 163, 169 (2025)). Plaintiff's counsel acknowledges "that generative AI was used in the drafting of the Motions in Limine and Responses identified by this Court" and that "Attorney Schroeder takes full responsibility for the content within those filings." ECF No. 230, PageID.6083. The response acknowledges that many of counsel's citations failed to stand for the proposition they were cited for. The exhibit identifies many such instances, and the court finds it unnecessary to belabor each and every part of that analysis but simply notes for the record that counsel acknowledges at least eleven instances where the citation provided did not stand for the proposition it was cited for. ECF No. 230-2, PageID.6095-6101. The response acknowledges the harms that may flow from fabricated citations. The response also explains steps that Mr. Schroeder has taken in response to the court's show cause order. The court appreciates Attorney Schroeder's initiative in completing courses on the ethical use of AI and appreciates too that this represents a good-faith effort to correct misconduct without the need for court

intervention. The court also appreciates Mr. Schroeder's candor in generally admitting the relevant conduct, the tenor of his response, and that he sincerely takes credit for the inaccurate citations.

Regardless, the court feels that monetary sanctions are warranted in this case due to the breadth and seriousness of the inaccurate citations presented to the court. The court recognizes Mr. Schroeder's apparently good-faith response to the court's order, and notes that absent the tone and tenor of his response, the monetary sanction imposed in this order would have been higher.

Plaintiff's response offers no mention of Mr. McKeen's role or responsibility for the filings, as head of his firm. Mr. McKeen's signature does not appear on any of the filings at issue. But "[a]bsent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." *Wadsworth v. Walmart Inc.*, 348 F.R.D. 489, 499 (D. Wyo. 2025) (citing Fed. R. Civ. P. 11(c)). The court holds the firm jointly responsible for these filings, no matter the original author, because "making this kind of misconduct unprofitable for law firms is necessary to deter its recurrence." *Rivera v. Triad Props. Corp.*, 829 F. Supp. 3d 983 (N.D. Ala. 2026).

Defendants' counsel "took no position and leaves it to this Court's discretion regarding an appropriate monetary sanction for Plaintiff's counsel's use of AI." ECF No. 231, PageID.6102. However, Defendant requested that Plaintiff's counsel be required to self-report its violations to the Michigan Attorney Grievance Commission, thereby alleviating any potential requirement for their office to do so. *Id.* (citing Mich. Pro. Conduct R. 8.3). However, the court has not, in the past, referred attorneys to the Michigan Attorney Grievance Commission for violations of Rule 11, even when it has imposed monetary sanctions. The court's own interpretation of the rule does not strictly require referral to the Grievance Commission for any Rule 11 violation and the court does not plan to make any referral in this case.

The court finds that monetary sanctions are warranted to deter future misconduct, and imposes a fine in the amount of $10,000 jointly against Mr. Schroeder and McKeen & Associates, P.C., payable to the court Clerk.

The named Plaintiff in this matter shall not be responsible for paying this penalty and Plaintiff's counsel are prohibited from reducing her award of damages from the settlement in this matter, in any way, on the basis of the penalties above. For example, to the extent

any agreement between counsel and Plaintiff may allow for deduction of court costs or other expenses before division of Plaintiff's award, such provisions shall not apply to the sanctions imposed in this order.

**SO ORDERED**.

Date: September 9, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge